me

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RECEIVED
JAN X 7 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Peggy Richmond Grotter
In Propria Persona
2156 w 158th st
Markham ILL 60428
Real Land North America

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

Case No: ______________________
(To be supplied by the Clerk of this Court)

Illinois State Board of Education.
South Cook Intermediate Service Center
Holmes School — Harvey
Praire Hills — Markham
Carrie Ablin,
Doelynn Strong, Mr [illegible], Judge Leinenweber.

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

15cv102
JUDGE COLEMAN
MAG. JUDGE MASON

**CHECK ONE ONLY:**

______ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

______ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

______ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

I. **Plaintiff(s):**

A. Name: Peggy Richmond

B. List all aliases: NA

C. Prisoner identification number: NA

D. Place of present confinement: NA

E. Address: 2156 W 158th st, Markham Illinois 60428

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Illinois State Board of Education

Title: 

Place of Employment: 100 west 1st street, Springfield IL, 62777

B. Defendant: Illinois State Board of Education.

Title: 

Place of Employment: Jim Thompson State of ILL. Bldg.

C. Defendant: South Cook Intermediate Service Center

Title: 

Place of Employment: 253 W. Joe Orr Road, Chicago Height

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Court

6Th Circuit Does Not Do Cases on Pension And Social Security — Judge there Stated

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

Year 2000 — 2008

A. Name of case and docket number: US Bankruptcy Court; TAX Court 1:12-CV-06917; Der-Yeghiayan; 14CV8823; Judge Leinenweber

B. Approximate date of filing lawsuit: August 2012

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Brady Richmond or Brady N. Richmond.

D. List all defendants: IRS, Dept of Treasury; Social Security Administration, MEAB Northern Trust Bank, several employees.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Federal court. Northern — Federal Court. Judge. Poor Service

F. Name of judge to whom case was assigned: Samuel Der Yeghiayan; Judge Leinweber 01/7/2015 2012

Taxing cases at 85% No Soc Sec?

Major error; Violations of Federal and State Laws.

G. Basic claim made: Fraud; Erroneous Reporting, Retaliation Conspiracy; No conscience of obligation to serve public honesty. Failed to correct 1099 R & SSA forms, Soc Security number - Identity theft. Cannot do tax.

Social Security not Taxable in Illinois

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): It was Appealed but Appealed by same Judge? 14CV8823 Leinenweber Bias Denies Federal Responsibility for School.

I. Approximate date of disposition: ______ Ill School Laws Include

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

No Honest Service From Judge

**IV. Statement of Claim:** Judge Barred Child from School TODAY!

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Leinenweber – Possibly in Need of In-Service Judge out Right and while ignoring The Law in hand and Presented. He Unashamedly Refused to Write an Order for Child's transfer to be honored so that he could return to School after being Locked out illegally against (Federal & State Laws) political? with No concern for illegal oppression to child, see School Laws Attached

Judge snapped "I Don't have anything to do with School! your Case is Termination? Moral, Human & Civil Rights Violation / Criminal Neglect Child still out of School Fraudulently & illegal Violation Brown v. Board of Educ.; Ill State Laws & Federal La Demetrius has been barred from Public School since 10/1/2014 for an Alleged $11,000 Tuition Fee? which they provide No documentation. No Court Service No Honest Service from Judges.

This is very shameful & Hurtful.
Judge Bias and prejudiced.

School official engage in some type Ponzi EDUCATION Scheme with IDH, I.R.S. Dept of Education Affecting the Lives of Many people. Unlawfully.

Request is that child would be Able to Attend (According to the Land) any School of My Choice near our Residence. I would not Feel comfortable with Demetrius returning to Holmes School. (See Attached as Well)

Judge Denies Dealing with Education Received no Service!

See School Laws that were not to interfere with Federal or State Laws or prohibited By Law. Article 7 & Attached. Illinois Constitution



Revised 9/2007

Fraud'
Illinois State Board of Ed is in charge

**V. Relief:** Of all School — But deny it

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. School System unidentifiable

Judge Denies he has Anything to do with Schools but He Does! Therefore, No Service; Circuit Court Referred me here to Federal Court. Child refused entry to school; valid transfer; violating ILL & State Laws, pertinant to my request under this judges jurisdiction! Bias and prejudiced. No services.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 7 day of Jan, 2015

Peggy Richmond Trotter
(Signature of plaintiff or plaintiffs)

Peggy Richmond Trotter
(Print name)

(I.D. Number)

2156 W 158th St Markham IL 60428
(Address)



Revised 9/2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JAN X 6 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff(s)
Peggy Trotter Richmond
IN Propria Persona
7156 W158th St
Markham IL

v.

Praire Hills School
Markham ILL.
Holmes School
Harvey

Defendant(s)

Case No.
14C 8823
Judge Harry Leinenweber

Complaint Attached.

Motion to request that case be Reopened. → Child Locked out of School Illegally. Public school is Free. (Guardian) Today, ORDER Needed for My Grandson to be Admitted to School Praire Hills or ther School of My choice in State of Illinois. Demetrius Hunt has been out of School Since. Oct 1, 2014; Not permitted TO ATTEND; TRANSFER ignored. $1,000 for what? Civil Right Violation Human Rights Violation Violation of Fed Law.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Peggy Trotter Richmond.
Plaintiff(s)

v.

Praire Hills - Markham.
Holmes School in Harvey
Defendant(s)

Case No. 14C 8823
Judge Harry D. Leinenweber

Complaint Attached

Motion to Request that case be Re-opened. Child out of School since 10/1/2014 $11,000 - charge?. Guardian Demetrius Hunt has not been Allow to Attend the School for which a Transfer was obtained on 10/1/2014. Business Manager at Praire Hills stated I must pay $11,000 Tuition pay without showing law which requires that I do so. Public School is Free. False Charges: I was arrested and charged with Criminal Trustpassing on property - Just because I Requested to know what happened inside the School house that my Child Demetrius Hunt was Bullied; it

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Peggy Trotter Richmond
**Plaintiff(s)**

**Case No.**

**v.**

Praire Hills-Markham.
Holmes school in Harvey
**Defendant(s)**

Should have been a relatively Simple matter to resolve, However Public Edcation offices have not Done so.

Asking us to pay $11,000 without any supporting Document of Law is a fraud. $ for what Public School is free

As an additional complaint: Incurred a $8,400 Hosp Bill for 4 hrs @ Ingalls Memorial Hosp, (I have no Health Insurance) as a result of becoming ILL on & while being arrested, This Bill needs to be paid; Requesting that Illinois State Department of Edcation pay it.

District 152 pg (1)

Holmes School. 6th gr — Bully situation turned Ignored and Demetrius out. School.

Harvey — Liar — Phone was not Disconnected as Principal checked on Form.

9/30/2014 — Back and forth to Find out what happen inside school outside Lunch Room that a Little Hispanic Boy Attacked Demetrius from behind and, why Demetrius was suspended. ?

10/1/2014 — Principal & Superintendent Failed to provide Explanation Each stated the other makes policy. Refused to Leave until an answer. Supt stated if I did not Leave, he (After he brought me from his Back office Area to Conference room up front.) was going to call the Police and have me Arrested → He did! Handcuffs and All Charged with Criminal Trespass of Real Property while Being Arrested: Became ill Chest pain taken to Hosp, Dx c̄ Pneumonia. $8,400 Bill for 4 hrs. (No Health Insurance — still illegally denied Medicare)

Peggy

Meechy was sick and Leg was hurt.

10/14/2014 — Went to Praire Hill to inquire about transfer; told. go to Holmes and ask for the transfere. Holmes Put Harvey as The town I Live in on the transfer ??

Praire Hill Markham 10/15/2014 — Once meechy taken back to the Praire school, The Business Manager Ms Albin states I would have to pay $11,000 for Tuition or go to court. Lock-out Illegal. Under penalty of perjury I declare Everything is true

Peggy Tillotson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Peggy Trotter-Richmond,
Plaintiff
Vs.

HOMES SCHOOL in Harvey and
PRARIE HILLS SCHOOL in Markham
Defendants

**COMPLAINT**

COME NOW, Peggy Trotter-Richmond/Plaintiff filing this COMPLAINT on HOMES SCHOOL/Defendant in Harvey Illinois and PRAIRIE HILLS SCHOOL/Defendant in Markham Illinois for discrimination, fraud, neglect, false imprisonment, and filing false criminal charges (HOME SCHOOL/Defendant filed the false criminal charge causing the false imprisonment). These CORPORATIONS/Defendants are not only committing fraud, they are allowing bullying in their school (HOMES SCHOOL/Defendant); and for charging $11,000.00 in tuition for a public school (PRARIE HILLS SCHOOL/Defendant).

- Peggy Trotter-Richmond/Plaintiff is alleging that the school in which her grandson (whom she has guardianship over) attended not only condoned bulling at their school (HOMES SCHOOL/Defendant) but they punished her grandson Demetrius Hunt with the young man who was bullying him. This was unjust and set the wrong example for the young bully.

- Peggy Trotter-Richmond/Plaintiff is alleging that when her grandson was pushed down by the other student at HOMES SCHOOL/Defendant and was suspended because he was pushed down, her grandson was treated unfairly and discriminated against when it comes to proper justice of physical assault by one of the students under HOMES SCHOOL/Defendant trusteeship/temporary guardianship.

- After Peggy Trotter-Richmond/Plaintiff tried to get this bullying and suspension issue resolved on behalf of her grandson and was not able to, the Plaintiff/Peggy Trotter-Richmond decided to transfer her grandson from the Harvey school to the school in Markham closer to where she lives in Markham. She made this decision when her grandson returned to school from the 2 day suspension and the bully was still harassing her grandson. Peggy Trotter-Richmond/Plaintiff is unsure if the

bully was even suspended. No conference was held to resolve the issue.

- Peggy Trotter-Richmond/Plaintiff states that she does not know the name of the student who bullied her grandson; she did not have a parent teacher conference with the parent of this child bully (after requesting that one was scheduled); and that HOME SCHOOL/Defendant did not assist her in regards to handling this bully properly by scheduling a conference so that ALL the parents were not only aware but in the position to assist in the matter.

- Peggy Trotter-Richmond/Plaintiff states that HOME SCHOOL/Defendant provided the Plaintiff with a transfer with her grandson Demetrius Hunt in good standing out of their school; signed by Doelynn Strong/Principal to be instated into PRARIE HILLS SCHOOLS (**EXHIBIT A**; transfer with Doelynn Strong signature on it)/Defendant.

- Peggy Trotter-Richmond/Plaintiff after receiving the transfer out of HOME SCHOOL/Defendant, tried to register Demetrius Hunt her grandson into PRARIE HILLS SCHOOL/Defendant. PRAIRIE HILLS SCHOOL/Defendant informed Peggy Trotter-Richmond/Plaintiff that she would have to pay $11,000.00 in tuition for Demetrius Hunt if she wants him to go to the school closet to his home in Markham. This is fraud **pursuant Section 504 of the Rehabilitation Act of 1973**; the **Section 504 of the Rehabilitation Act of 1973** regulates that the school district is to provide "free appropriate public education (FAPE)."

- Peggy Trotter-Richmond/Plaintiff is alleging that after she tried to inform to the many people she contacted for assistance at PRAIRIE HILLS SCHOOL/Defendant that she was not assisted properly and they did not enroll her grandson due to lack of payment of tuition at this public school in the amount of $11,000.00. This is fraud **pursuant 105 ILCS 5/2-3.6** and here is the list of employees from this INSTITUTION (PRAIRIE HILLS SCHOOL/Defendant who were in on this fraud:

  - Margarita McCarty / Executive Assistant to the Superintendent (708) 210-2899
  - Mrs. Julia A. Veazey / Assistant Superintendent (708) 210-2888
  - Michael Moore / Supervisor of Business Affairs and Human Resources (708) 210-2893

- Carrie Ablin / Director of Student Services (708) 210-0281
- Michelle Hardmon / Supervisor of Student Services (708) 210-2879
- Ms. Alexander
- Patterson / Superintendent
- Dr. Kevin J. Nohelty / Assistant Superintendent

- Peggy Trotter-Richmond/Plaintiff decided to reach out to the **Illinois State Board of Education** for some assistance with this matter. Plaintiff/Peggy Trotter-Richmond was informed by **ISBE** that **ISBE** has no jurisdiction to handle this situation within this State public school. The Plaintiff was informed to "work it out" and "just deal with it." The Plaintiff/Peggy Trotter-Richmond transferred her grandson out of HOME SCHOOL/Defendant scheduled to register and attend PRAIRIE HILLS SCHOOL/Defendant; and now Plaintiff's/Peggy Trotter-Richmond's grandson Demetrius Hunt is being denied registration into PRAIRIE HILLS SCHOOL/Defendant in her area due to a fee/tuition ($11,000.00).

- Peggy Trotter-Richmond/Plaintiff was arrested at HOME SCHOOL/Defendant for criminal trespassing on real property **(20 5/21-3(A)(2))** due to trying to follow up on the situation that took place in regards to her grandson being bullied and his transfer. Although Peggy Trotter-Richmond/Plaintiff was arrested for trespassing due to trying to communicate with this school, **ISBE** told Peggy Trotter-Richmond/Plaintiff to "Try and work it out" and "Deal with it."

- Peggy Trotter-Richmond/Plaintiff is charging HOME SCHOOL/Defendant for false criminal charging for trespassing on real property. **Pursuant United Nations Declaration of Rights for the Indigenous people Article 26 (1)(2)(3):**

  - ***"Indigenous peoples have the rights to the lands, territories and resources which they have traditionally owned, occupied or otherwise used or acquired."***
  - ***"Indigenous people have the right to own, use, develop and control the lands, territories and resources that they possess by reason of traditional ownership or other traditional occupation or use, as well as those which they have otherwise acquired."***
  - ***"States shall give legal recognition and protection to these lands, territories***

***and resources. Such recognition shall be conducted with due respect to the customs, traditions, and land tenure systems of the indigenous people concerns."***

- Peggy Trotter-Richmond/Plaintiff has been trying to find someone or some CORPORATION to assist her with getting her grandson into a school in her area and where he will not be bullied. Peggy Trotter-Richmond/Plaintiff has contacted Washington U.S. Department of Education for assistance in this matter and is now filing a COMPLAINT in the Northern District.

**COUNT I**
**DISCRIMINATION**

- Peggy Trotter-Richmond/Plaintiff re-alleges the paragraphs 1 through 11.
- HOMESCHOOL/Defendant and PRAIRIE HILLS SCHOOL/Defendant are guilty of discrimination. HOME SCHOOL/Defendant did not properly handle the bullying situation that was taking place with Demetrius Hunts (Peggy Trotter-Richmond/Plaintiff grandson). Instead they punished Demetrius Hunts (Peggy Trotter-Richmond/Plaintiff's grandson) along with the bully. The bully pushed Demetrius Hunts down from the back as they walked the track outside after lunch.
- As Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) returned back to school, the bully told Demetrius Hunts "I better not have any problems out of you." This was reported and not handled properly by HOME SCHOOL/Defendant. The principal at HOMESCHOOL/Defendant Doelynn Strong provided the transfer for Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) so that they did not have to call a parent teacher conference and handle the bullying situation effectively so that Demetrius Hunt can continue to be educated comfortably at HOME SCHOOL/Defendant.
- Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) felt uncomfortable with going back to HOME SCHOOL/Defendant due to the fact that the bully was stilling harassing him and HOME SCHOOL/Defendant staff of employees did nothing to properly resolve the situation.
- **Pursuant 105 ILCS 5/22-12 (from Ch. 122, par. 22-12)** the bully and HOME SCHOOL/Defendant is guilty of intimidation and interfering with Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) education and attendance at school. This is a Class A Misdemeanor. HOME SCHOOL/Defendant is teaching the children how to commit Class A Misdemeanors today they will be committing felonies before they graduate from this INSTITUATION for a supposed safe free public education.
- Peggy Trotter-Richmond/Plaintiff will be demanding punitive damages due to this Constitutional and Natural Rights violations **Pursuant 15 U.S. Code § 6604 (b) (3).**

**COUNT II**
**DISCRIMINATION**

- Peggy Trotter-Richmond/Plaintiff re-alleges the paragraphs 1 through 11.
- PRAIRIE HILLS SCHOOL/Defendant also is guilty of discrimination; PRAIRIE HILLS SCHOOL/Defendant refused to register Demetrius Hunt into their school due to Peggy Trotter-Richmond/Plaintiff not being able to pay $11,000.00 in tuition for their public supposed free school.
- Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) is still out of school due to PRAIRIE HILLS SCHOOL/Defendant (the school in the same city as the Plaintiff and grandson; Markham) keep denying him admission.
- "In addition to public benefit programs, Congress has enacted a series of laws prohibiting discrimination based on race, ethnicity, religion, gender, disability, and age." **See, e.g., Americans with Disability Act 42 U.S.C § 12101; Individuals with Disabilities Education Act, 20 U.S.C. § 1400; and Civil Rights Act, 42 U.S.C. § 2000.**
- PRARIE HILLS SCHOOL/Defendant is also guilty of interfering with Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) education and attendance at school. This is a Class A Misdemeanor; **Pursuant 105 ILCS 5/22-12 (from Ch. 122, par. 22-12).**
- Peggy Trotter-Richmond/Plaintiff will be demanding punitive damages due to this Constitutional and Natural Rights violations **Pursuant 15 U.S. Code § 6604 (b) (3).**

**COUNT III**
**FRAUD**

- Peggy Trotter-Richmond/Plaintiff re-alleges the paragraphs 1 through 11.
- PRAIRIE HILLS SCHOOL/Defendant is guilty of fraud due to this school charging a fee/tuition for their supposed free public school.
- Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff grandson) was denied admission due to not having $11,000.00 to pay PRAIRIE HILLS SCHOOL/Defendant for tuition fees.
- PRAIRIE HILLS SCHOOL/Defendant is a public school provided for public use and supposed for free.
- **Pursuant Vincent v. County of Board of Education of Talladega County, 222 Ala. 216, 131 So. 893, 894**, free school defines "Where no charge is made for tuition."
- **Pursuant Williams v. City of Norman, 85 Okl. 230, 205 P. 144, 148** public use defines "the term may be said to mean public usefulness, utility, or advantage, or what is productive of general benefit."
- **Pursuant Davis v. Wechsler, 263 US 22, at 24**, "The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local

damages are those that grow out of wantonness or atrocity, or aggravated by the act. They are the injuries and sufferings that were intended, or occurred through malice, carelessness or negligence amounting to a wrong so reckless and wanton as to be without excuse."

**COUNT VI**
**NEGLECT**

- Both of these schools/Defendants/HOME SCHOOL/PRAIRIE HILLS SCHOOL are guilty of neglect. Not one of the Defendants made it possible for a young Native of this land to be educated comfortably or at all.
- HOMES SCHOOL/Defendant opted to push the grandparent/Plaintiff/Peggy Trotter-Richmond to the point where she had to remove her grandson Demetrius Hunt from their INSTUITION for his safety from being bullied and so that he can receive an education in the free public school system comfortably.
- HOMES SCHOOL/Defendant did not resolve the bullying issue Demetrius Hunt was having at their school; instead of resolving it this school HOMES SCHOOL/Defendant punished Demetrius Hunt along with the bully for a 2 day suspension. Demetrius Hunt (Peggy Trotter-Richmond grandson) was pushed down to the ground from behind by a young man that attends HOMES SCHOOL/Defendant.
- The day Demetrius Hunt (Peggy Trotter-Richmond grandson) returned to school the bully approached Demetrius Hunt to intimidate Demetrius Hunt to not tell on him again. Peggy Trotter-Richmond/Plaintiff went to the school to have RILEY SCHOOL where the superintendent offices is for HOMES SCHOOL/Defendant put a conference in place with all the parents, children and appropriate HOMES SCHOOL staff member to resolve the issue. HOMES SCHOOL/Defendant neglected to accommodate Peggy Trotter-Richmond/Plaintiff with her demand for a conference to handle the matter at hand. The superintendent for HOMES SCHOOL/Defendant located at RILEY SCHOOL had Peggy Trotter-Richmond/Plaintiff arrested instead (a 65 year old grandmother; arrested for trying to protect her grandson in a school environment with no assistance from the school HOMES SCHOOL/Defendant) of resolving the bully matter with a conference.
- PRAIRIE HILLS SCHOOL/Defendant neglected to provide Demetrius Hunt (Peggy Trotter-Richmond/Plaintiff's grandson) with a new school home in his city; considering HOME SCHOOL/Defendant is located in Harvey, Illinois and PRAIRIE HILLS SCHOOL is located in Markham, Illinois where Demetrius Hunt resides with his caregiver/Guardian/grandmother/Peggy Trotter-Richmond/Plaintiff.
- **Pursuant 20 U.S.C.S. § 7801 (21)** "the term 'free public education' means 'education that is provided:
    - at the public expense, under public supervision and direction, and without tuition charge and
    - as elementary school or secondary school education as determined under

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**RECOGNIZANCE: CRIMINAL OR QUASI-CRIMINAL**

I8152684

ORIGIN OF BOND

USING AGENCY NO. 6160

☐ Bail set by Rule of the Illinois Supreme Court OR

By RJC (PRINT NAME OF JUDGE) (JUDGE'S NO.)

(OFFICE USE)

*I8152684*

DEFENDANT: YOUR RELEASE ON THIS BOND DOES NOT REQUIRE POSTING OF CASH OR SECURITIES FOR BAIL

BAIL AMOUNT

$ ☐, XX1, 500 00/XX — One Thousand Five Hundred 00/100

DEFENDANT (Person Preparing Bond - Always complete this section)

Full Name (PRINT) Richmond Peggy (Last) (First) (MI)

Address (PRINT) 2156 W 158th

City and State (PRINT) Markham, IL Zip Code 60426

**STATEMENT OF DEFENDANT:** I understand and accept the terms and conditions set forth below. Further, I hereby certify that I understand the consequences of failure to appear for trial as required.

Defendant's Signature x Unable to sign

| COURT COMPLAINT OR INDICTMENT NUMBER(S) | | CHARGE | DISPOSITION |
|---|---|---|---|
| 720 5/21-3(A)(2) | | Criminal Trespass to Real Property | |
| | | | |

DISPOSITION entered by (Signature of Deputy Clerk) ______ Br. or Sub. CT ______ Court Date ___/___/___ MO DAY YEAR

COURT APPEARANCE: Defendant named above shall appear in the Circuit Court of Cook County, Illinois located at:

Address (Number and Street) 16501 S Kedzie City/Town/Village Markham, Illinois,

Branch No. 6160 in Room No. 204 on 14 Nov, 2014 at 1:00 ☐ a.m. ☒ p.m.

CONDITIONS OF BOND: The defendant is hereby released on the conditions as indicated below:

- ☒ Appear to answer the charge in court until discharge or final order of court.
- ☒ Obey all court orders and process; not leave this State without permission of court and report changes of address to the Clerk within 24 hours.
- ☒ Not commit any criminal offenses while awaiting final order in this case.
- ☒ If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.
- ☐ Surrender (725 ILCS 5/110-10(a)(5)) OR not possess any firearms or dangerous weapons until final order in this case.
- ☐ Not contact or communicate with any complaining witnesses or members of their immediate families or: ______
- ☐ Not go to the area or premises of victims/complaining witnesses home, work, school or: ______
- ☐ Not to indulge in intoxicating liquors, illegal drugs or certain drugs, to-wit: ______
- ☐ Undergo alcoholism or drug addiction treatment as ordered by the court.
- ☐ Undergo medical or psychiatric treatment as ordered by the court.
- ☐ If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact or communication with: ______ for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of: ______ for a minimum of 72 hours following release.
- ☐ Reside with parents or in a foster home, attend school or nonresidential program for youths, contribute to his/her support at home or in a foster home, observe curfew set by court: ______
- ☐ Report to and remain under the pretrial supervision of such agency or third-party custodian as ordered by the court: ______
- ☐ Other conditions: ______

**FAILURE TO APPEAR - TRIAL IN ABSENTIA**

If you have been charged with an offense that is classified as a felony, your failure to appear constitutes a waiver of your rights to confront witnesses and to be present at your trial. A trial could proceed and if found guilty the court could impose a sentence in your absence.

**FAILURE TO APPEAR - BAIL JUMPING:**

Your failure to appear may result in the filing of an additional charge of Bail Jumping. Sentences imposed upon conviction for this offense shall be served consecutively to sentences imposed for convictions related to the original offenses for which you were admitted to bail.

**VIOLATION OF OTHER CONDITIONS - POSSIBLE PENALTIES:**

Violating any of the conditions indicated on bond may result in the issuance of an arrest warrant for your arrest, forfeiture of bail, judgment for the full amount of the bail set by the court, revocation of this bail, imposition of additional conditions, an increase in the bail, amount and/or the filing of an additional charge of violation of the conditions of bail. Felony offenses committed while admitted to bail are subject to consecutive sentencing upon conviction relative to a sentence imposed upon conviction of the original offenses for which you were admitted to bail.

☐ a.m. ☐ p.m. Hour 332

Date 09/30/14 (Month Day Year)

This bail bond form was prepared by: [signature] (Signature of Peace Officer) Star No. 106 Police Dept. Markham PD (CPD District No. or Suburban City, Town, or Village)

Or Clerk of the Circuit Court of Cook County, by [signature] (Signature of Deputy Clerk) Loc. 6160 (Branch or Suburban Court)

**TWO**

I8152684

DEFENDANT'S COPY

DEFENDANT NOTICE: Any inquiries should be directed as follows:

MUNIC. DEPT. BONDS: Clerk of Court, C/O the headquarters of the Municipal District to which your case is assigned.

CRIM. DIV. BONDS: Clerk of Court, Criminal Division, County Dept., Room 526, 2650 S. California Avenue, Chicago, IL 60608

CCG N697-3.5M-10/08(83350039)

Ingalls

| Statement Date | Account Number | Total Charges | Insurance on File |
|---|---|---|---|
| 10/5/2014 | 2190057-1 | $8,672.95 | *Primary Insurance:* None *Secondary Insurance:* |

| Service Location | Dates of Service | Patient Name |
|---|---|---|
| Harvey ER | 09/30/2014 - 09/30/2014 | PEGGY TROTTERRICHMOND |

**BILLING QUESTIONS?**
Please Call: 708-915-6001
Monday - Friday 9:00am to 4:00pm

ear PEGGY TROTTERRICHMOND,

ank you for choosing Ingalls Memorial Hospital as your health re provider. This statement reflects charges for health care rvices we provided to you or a member of your family.

e did not receive insurance information during the registration ocess. If you have insurance to cover the services provided, ease complete the form on the back and return in the velope provided or contact us at 708-915-6001.

ease note that your physician will bill separately for their ofessional services. For your convenience a list of the ysician billing services is located on the back of this letter.

ank you for allowing Ingalls to serve your present and future althcare needs.

ncerely,
itient Financial Services

## THIS IS NOT A BILL

| Description | Charges |
|---|---|
| CT SCAN | $3,199.00 |
| EKG/ECG | $282.00 |
| EMERG ROOM | $2,127.00 |
| IV THERAPY | $574.00 |
| LABORATORY | $1,560.00 |
| PHARMACY | $609.95 |
| X-RAY | $321.00 |
| Total Charges | $8,672.95 |
| Total Adjustments | -$5,637.42 |
| **Current Balance** | **$3,035.53** |

Rec'd 10/9/2014
Share Social Security number with spouse?
Arrested at School District Became ILL after Handcuffed And Being placed in Squad
CANNOT Sign up for Medicare...
DHS said go to Social Security Denied 10/9/2014

We did not receive medical insurance at time of treatment. If you have insurance to cover the services, please complete the back of this form and return in envelope provided.

Healthcare Section 218 ?

IF PAYING BY CREDIT CARD, FILL OUT BELOW • CHECK CARD USING FOR PAYMENT

| ☐ MASTERCARD | ☐ AMEX | ☐ DISCOVER | ☐ VISA |
|---|---|---|---|
| CARD NUMBER | | CVV2 CODE | EXP.DATE |
| SIGNATURE | | | $ AMOUNT ENCLOSED |
| STATEMENT DATE | ACCOUNT NUMBER | | |
| 10/5/2014 | 2190057-1 | | |

Ingalls
One Ingalls Drive
Harvey, IL 60426-3558

Rec'd 10/9/2014




0014 PEGGY TROTTERRICHMOND
2156 W 158TH ST
MARKHAM, IL 60426-4111


INGALLS MEMORIAL HOSPITAL
ONE INGALLS DRIVE
HARVEY, IL 60426-3558

I WAS Ordered to Jail rather than Request Being honored to return Grand Child to CLASSROOM

 Acct: 2730549 IHSSP

(105 ILCS 5/22-12) (from Ch. 122, par. 22-12)

Sec. 22-12. Preventing or interfering with a child's attendance at school. Whoever by threat, menace, or intimidation prevents any child entitled to attend a public or nonpublic school in this State from attending such school or interferes with any such child's attendance at that school shall be guilty of a Class A misdemeanor.
(Source: P.A. 92-96, eff. 1-1-02.)

Bribery

SECTION 9. SALARIES AND FEES

(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes.

(b) An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected.

(Source: Illinois Constitution.)

SECTION 10. INTERGOVERNMENTAL COOPERATION

(a) Units of local government and school districts may contract or otherwise associate among themselves, with the State, with other states and their units of local government and school districts, and with the United States to obtain or share services and to exercise, combine, or transfer any power or function, in any manner not prohibited by law or by ordinance. Units of local government and school districts may contract and otherwise associate with individuals, associations, and corporations in any manner not prohibited by law or by ordinance. Participating units of government may use their credit, revenues, and other resources to pay costs and to service debt related to intergovernmental activities.

(b) Officers and employees of units of local government and school districts may participate in intergovernmental activities authorized by their units of government without relinquishing their offices or positions.

(c) The State shall encourage intergovernmental cooperation and use its technical and financial resources to assist intergovernmental activities.

(Source: Illinois Constitution.)

Not prohibited by Law or ordinance

Intergovernmental agreement should not violate Laws

SECTION 11. INITIATIVE AND REFERENDUM

(a) Proposals for actions which are authorized by this Article or by law and which require approval by referendum may be initiated and submitted to the electors by resolution of the governing board of a unit of local government or by petition of electors in the manner provided by law.

(b) Referenda required by this Article shall be held at general elections, except as otherwise provided by law. Questions submitted to referendum shall be adopted if approved by a majority of those voting on the question unless a different requirement is specified in this Article.

(Source: Illinois Constitution.)

SECTION 12. IMPLEMENTATION OF GOVERNMENTAL CHANGES

The General Assembly shall provide by law for the transfer of assets, powers and functions, and for the payment of outstanding debt in connection with the formation, consolidation, merger, division, dissolution and change in the boundaries of units of local government.

(Source: Illinois Constitution.)

Supreme Court shall provide by rule. In the First Judicial District, unless otherwise provided by law, at least one-fourth of the Associate Judges shall be appointed from, and reside, outside Chicago. The Supreme Court shall provide by rule for matters to be assigned to Associate Judges.
(Source: Illinois Constitution.)

SECTION 9. CIRCUIT COURTS - JURISDICTION

Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law.
(Source: Illinois Constitution.)

SECTION 10. TERMS OF OFFICE

The terms of office of Supreme and Appellate Court Judges shall be ten years; of Circuit Judges, six years; and of Associate Judges, four years.
(Source: Illinois Constitution.)

SECTION 11. ELIGIBILITY FOR OFFICE

No person shall be eligible to be a Judge or Associate Judge unless he is a United States citizen, a licensed attorney-at-law of this State, and a resident of the unit which selects him. No change in the boundaries of a unit shall affect the tenure in office of a Judge or Associate Judge incumbent at the time of such change.
(Source: Illinois Constitution.)

SECTION 12. ELECTION AND RETENTION

(a) Supreme, Appellate and Circuit Judges shall be nominated at primary elections or by petition. Judges shall be elected at general or judicial elections as the General Assembly shall provide by law. A person eligible for the office of Judge may cause his name to appear on the ballot as a candidate for Judge at the primary and at the general or judicial elections by submitting petitions. The General Assembly shall prescribe by law the requirements for petitions.

(b) The office of a Judge shall be vacant upon his death, resignation, retirement, removal, or upon the conclusion of his term without retention in office. Whenever an additional Appellate or Circuit Judge is authorized by law, the office shall be filled in the manner provided for filling a vacancy in that office.

(c) A vacancy occurring in the office of Supreme, Appellate or Circuit Judge shall be filled as the General Assembly may provide by law. In the absence of a law, vacancies may be filled by appointment by the Supreme Court. A person appointed to fill a vacancy 60 or more days prior to the next primary election to nominate Judges shall serve until the vacancy is filled for a term at the next general or judicial election. A person appointed to fill a vacancy less than 60 days prior to the next primary election to nominate

Case: 1:15-cv-00102 Document #: 1 Filed: 01/07/15 Page 22 of 36 PageID #:22



# Constitution of the State of Illinois

## ARTICLE VII

## LOCAL GOVERNMENT

SECTION 1. MUNICIPALITIES AND UNITS OF LOCAL GOVERNMENT

"Municipalities" means cities, villages and incorporated towns. "Units of local government" means counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts.

(Source: Illinois Constitution.)

SECTION 2. COUNTY TERRITORY, BOUNDARIES AND SEATS

(a) The General Assembly shall provide by law for the formation, consolidation, merger, division, and dissolution of counties, and for the transfer of territory between counties.

(b) County boundaries shall not be changed unless approved by referendum in each county affected.

(c) County seats shall not be changed unless approved by three-fifths of those voting on the question in a county-wide referendum.

(Source: Illinois Constitution.)

SECTION 3. COUNTY BOARDS

(a) A county board shall be elected in each county. The number of members of the county board shall be fixed by ordinance in each county within limitations provided by law.

(b) The General Assembly by law shall provide methods available to all counties for the election of county board members. No county, other than Cook County, may change its method of electing board members except as approved by county-wide referendum.

(c) Members of the Cook County Board shall be elected from two districts, Chicago and that part of Cook County outside Chicago, unless (1) a different method of election is approved by a majority of votes cast in each of the two districts in a county-wide referendum or (2) the Cook County Board by ordinance divides the county into single member districts from which members of the County Board resident in each district are elected. If a different method of election is adopted pursuant to option (1) the method of election may thereafter be altered only pursuant to option (2) or by county-wide referendum. A different method of election may be adopted pursuant to option (2) only once and the method of election may thereafter be altered only by county-wide referendum.

(Source: Illinois Constitution.)

SECTION 4. COUNTY OFFICERS

**ILLINOIS STATE BOARD OF EDUCATION**
Accountability Division
100 North First Street, E-310
Springfield, Illinois 62777-0001

| STUDENT IDENTIFICATION NUMBER (9-digits) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9 | 3 | 6 | 6 | 9 | 6 | 3 | 6 | 5 |

# STUDENT TRANSFER FORM

In accordance with Section 2-3.13(a) of the School Code, all public school districts are to provide this form to any student who is moving out of the school district to verify whether or not the student is "in good standing" and, whether or not their medical records are up-to-date and complete as defined in Section 2-3.13(a). "In good standing" means that the student is not being disciplined by an out-of-school suspension or expulsion, and is entitled to attend classes, as of the date of this form. No public school district is required to admit a new student unless they can produce this form from the student's previous Illinois public school district. **This form is not to be returned to the Illinois State Board of Education. It is to be sent directly t student's new school they will be attending.**

| NAME OF STUDENT (Last, First) | BIRTH DATE (MM/DD/YYYY) | GENDER | GRADE LEVEL |
|---|---|---|---|
| Hunt, Demetrius Rashun | 01/31/2003 | [X] Male [ ] Female | 6 |

ADDRESS OF STUDENT
2156 W. 158th Street Harvey, IL 60426

| NAME OF PARENT OR GUARDIAN | PARENT/GUARDIAN TELEPHONE |
|---|---|
| Trotter-Richmond, Peggy L | **Home** 708-596-6993 **Work** |

ADDRESS OF PARENT OF GUARDIAN
2156 W. 158th Street Harvey, IL 60426

| DISTRICT NAME AND NUMBER TRANSFERRING TO | NEW DISTRICT ADDRESS (City, State, Zip Code) |
|---|---|
| | |

| NAME OF SCHOOL STUDENT WILL BE TRANSFERRING TO | NAME OF PRINCIPAL AT NEW SCHOOL |
|---|---|
| Prarie Hills | |

**Please check the appropriate box.**

[✓] I hereby attest that the above student is "in good standing" and that all medical records for the above student are up-to-date and complete as of the date of this form.

[ ] The above student's medical records are **not** up-to-date and complete as documented in the student's permanent records.

[ ] I hereby attest that the above student is **not** "in good standing" due to a current suspension and/or expulsion ____________ from until ____________; but is entitled to transfer in accordance with Section 2-3.13a (105 ILCS 5 / 2-3.13a), unless the receiving district has, pursuant to Section 2-3.13a, adopted a policy providing that if a student is suspended or expelled for any reason from any public or private school in this or any other state, the student must complete the entire term of the suspension or expulsion before being admitted into the school district. This policy may allow placement of the student in an alternative school program established under Article 13A of this Code, if available, for the remainder of the suspension or expulsion.

[ ] I hereby attest that the above student is **not** "in good standing" due to a current suspension and/or expulsion from ____________ from until ____________; and is not eligible for transfer for knowingly possessing in a school building or on school grounds a weapon as defined in the Gun Free Schools Act (20 U.S.C. 8921 et seq.); for knowingly possessing, selling, or delivering in a school building or on school grounds a controlled substance or cannabis; or for battering a staff member of the school.

| NAME OF PRINCIPAL | SCHOOL PHONE | COUNTY |
|---|---|---|
| Doelynn Strong | 708 333-0440 | Cook |

| DISTRICT NAME | DISTRICT ADDRESS (City, State, Zip Code) |
|---|---|
| Harvey School District 152 | 16001 Lincoln Avenue<br>Harvey Illinois 60426 |

10-15-14
Date

Doelynn Strong
Signature of Principal

ISBE 33-78 (9/07) THIS FORM IS TO BE SENT DIRECTLY TO THE STUDENT'S NEW SCHOOL THEY WILL BE ATTENDING.

(105 ILCS 5/2-3.13a) (from Ch. 122, par. 2-3.13a)

Sec. 2-3.13a. School records; transferring students.

(a) The State Board of Education shall establish and implement rules requiring all of the public schools and all private or nonpublic elementary and secondary schools located in this State, whenever any such school has a student who is transferring to any other public elementary or secondary school located in this or in any other state, to forward within 10 days of notice of the student's transfer an unofficial record of that student's grades to the school to which such student is transferring. Each public school at the same time also shall forward to the school to which the student is transferring the remainder of the student's school student records as required by the Illinois School Student Records Act. In addition, if a student is transferring from a public school, whether located in this or any other state, from which the student has been suspended or expelled for knowingly possessing in a school building or on school grounds a weapon as defined in the Gun Free Schools Act (20 U.S.C. 8921 et seq.), for knowingly possessing, selling, or delivering in a school building or on school grounds a controlled substance or cannabis, or for battering a staff member of the school, and if the period of suspension or expulsion has not expired at the time the student attempts to transfer into another public school in the same or any other school district: (i) any school student records required to be transferred shall include the date and duration of the period of suspension or expulsion; and (ii) with the exception of transfers into the Department of Juvenile Justice school district, the student shall not be permitted to attend class in the public school into which he or she is transferring until the student has served the entire period of the suspension or expulsion imposed by the school from which the student is transferring, provided that the school board may approve the placement of the student in an alternative school program established under Article 13A of this Code. A school district may adopt a policy providing that if a student is suspended or expelled for any reason from any public or private school in this or any other state, the student must complete the entire term of the suspension or expulsion before being admitted into the school district. This policy may allow placement of the student in an alternative school program established under Article 13A of this Code, if available, for the remainder of the suspension or expulsion. Each public school and each private or nonpublic elementary or secondary school in this State shall within 10 days after the student has paid all of his or her outstanding fines and fees and at its own expense forward an official transcript of the scholastic records of each student transferring from that school in strict accordance with the provisions of this Section and the rules established by the State Board of Education as herein provided.

This or in any

(b) The State Board of Education shall develop a one-page standard form that Illinois school districts are required to provide to any student who is moving out of the school district and that contains the information about whether or not the student is "in good standing" and whether or not his or her medical records are up-to-date and complete. As used in this Section, "in good standing" means that the student is not

being disciplined by a suspension or expulsion, but is entitled to attend classes. No school district is required to admit a new student who is transferring from another Illinois school district unless he or she can produce the standard form from the student's previous school district enrollment. No school district is required to admit a new student who is transferring from an out-of-state public school unless the parent or guardian of the student certifies in writing that the student is not currently serving a suspension or expulsion imposed by the school from which the student is transferring.

(c) The State Board of Education shall, by rule, establish a system to provide for the accurate tracking of transfer students. This system shall, at a minimum, require that a student be counted as a dropout in the calculation of a school's or school district's annual student dropout rate unless the school or school district to which the student transferred (known hereafter in this subsection (c) as the transferee school or school district) sends notification to the school or school district from which the student transferred (known hereafter in this subsection (c) as the transferor school or school district) documenting that the student has enrolled in the transferee school or school district. This notification must occur on or before July 31 following the school year during which the student withdraws from the transferor school or school district or the student shall be counted in the calculation of the transferor school's or school district's annual student dropout rate. A request by the transferee school or school district to the transferor school or school district seeking the student's academic transcripts or medical records shall be considered without limitation adequate documentation of enrollment. Each transferor school or school district shall keep documentation of such transfer students for the minimum period provided in the Illinois School Student Records Act. All records indicating the school or school district to which a student transferred are subject to the Illinois School Student Records Act.

(Source: P.A. 96-1423, eff. 8-3-10.)

(105 ILCS 5/2-3.13a) (from Ch. 122, par. 2-3.13a)

Sec. 2-3.13a. School records; transferring students.

(a) The State Board of Education shall establish and implement rules requiring all of the public schools and all private or nonpublic elementary and secondary schools located in this State, whenever any such school has a student who is transferring to any other public elementary or secondary school located in this or in any other state, to forward within 10 days of notice of the student's transfer an unofficial record of that student's grades to the school to which such student is transferring. Each public school at the same time also shall forward to the school to which the student is transferring the remainder of the student's school student records as required by the Illinois School Student Records Act. In addition, if a student is transferring from a public school, whether located in this or any other state, from which the student has been suspended or expelled for knowingly possessing in a school building or on school grounds a weapon as defined in the Gun Free Schools Act (20 U.S.C. 8921 et seq.), for knowingly possessing, selling, or delivering in a school building or on school grounds a controlled substance or cannabis, or for battering a staff member of the school, and if the period of suspension or expulsion has not expired at the time the student attempts to transfer into another public school in the same or any other school district: (i) any school student records required to be transferred shall include the date and duration of the period of suspension or expulsion; and (ii) with the exception of transfers into the Department of Juvenile Justice school district, the student shall not be permitted to attend class in the public school into which he or she is transferring until the student has served the entire period of the suspension or expulsion imposed by the school from which the student is transferring, provided that the school board may approve the placement of the student in an alternative school program established under Article 13A of this Code. A school district may adopt a policy providing that if a student is suspended or expelled for any reason from any public or private school in this or any other state, the student must complete the entire term of the suspension or expulsion before being admitted into the school district. This policy may allow placement of the student in an alternative school program established under Article 13A of this Code, if available, for the remainder of the suspension or expulsion. Each public school and each private or nonpublic elementary or secondary school in this State shall within 10 days after the student has paid all of his or her outstanding fines and fees and at its own expense forward an official transcript of the scholastic records of each student transferring from that school in strict accordance with the provisions of this Section and the rules established by the State Board of Education as herein provided.

(b) The State Board of Education shall develop a one-page standard form that Illinois school districts are required to provide to any student who is moving out of the school district and that contains the information about whether or not the student is "in good standing" and whether or not his or her medical records are up-to-date and complete. As used in this Section, "in good standing" means that the student is not

being disciplined by a suspension or expulsion, but is entitled to attend classes. No school district is required to admit a new student who is transferring from another Illinois school district unless he or she can produce the standard form from the student's previous school district enrollment. No school district is required to admit a new student who is transferring from an out-of-state public school unless the parent or guardian of the student certifies in writing that the student is not currently serving a suspension or expulsion imposed by the school from which the student is transferring.

(c) The State Board of Education shall, by rule, establish a system to provide for the accurate tracking of transfer students. This system shall, at a minimum, require that a student be counted as a dropout in the calculation of a school's or school district's annual student dropout rate unless the school or school district to which the student transferred (known hereafter in this subsection (c) as the transferee school or school district) sends notification to the school or school district from which the student transferred (known hereafter in this subsection (c) as the transferor school or school district) documenting that the student has enrolled in the transferee school or school district. This notification must occur on or before July 31 following the school year during which the student withdraws from the transferor school or school district or the student shall be counted in the calculation of the transferor school's or school district's annual student dropout rate. A request by the transferee school or school district to the transferor school or school district seeking the student's academic transcripts or medical records shall be considered without limitation adequate documentation of enrollment. Each transferor school or school district shall keep documentation of such transfer students for the minimum period provided in the Illinois School Student Records Act. All records indicating the school or school district to which a student transferred are subject to the Illinois School Student Records Act.

(Source: P.A. 96-1423, eff. 8-3-10.)

Case: 1:15-cv-00102 Document #: 1 Filed: 01/07/15 Page 28 of 36 PageID #:28

Judges over School Laws

All of God's Laws.

Bible Ezra 7:21

no jurisdiction over school

# Constitution of the State of Illinois

## ARTICLE VII

## LOCAL GOVERNMENT

SECTION 1. MUNICIPALITIES AND UNITS OF LOCAL GOVERNMENT

"Municipalities" means cities, villages and incorporated towns. "Units of local government" means counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts.

(Source: Illinois Constitution.)

SECTION 2. COUNTY TERRITORY, BOUNDARIES AND SEATS

(a) The General Assembly shall provide by law for the formation, consolidation, merger, division, and dissolution of counties, and for the transfer of territory between counties.

(b) County boundaries shall not be changed unless approved by referendum in each county affected.

(c) County seats shall not be changed unless approved by three-fifths of those voting on the question in a county-wide referendum.

(Source: Illinois Constitution.)

SECTION 3. COUNTY BOARDS

(a) A county board shall be elected in each county. The number of members of the county board shall be fixed by ordinance in each county within limitations provided by law.

(b) The General Assembly by law shall provide methods available to all counties for the election of county board members. No county, other than Cook County, may change its method of electing board members except as approved by county-wide referendum.

(c) Members of the Cook County Board shall be elected from two districts, Chicago and that part of Cook County outside Chicago, unless (1) a different method of election is approved by a majority of votes cast in each of the two districts in a county-wide referendum or (2) the Cook County Board by ordinance divides the county into single member districts from which members of the County Board resident in each district are elected. If a different method of election is adopted pursuant to option (1) the method of election may thereafter be altered only pursuant to option (2) or by county-wide referendum. A different method of election may be adopted pursuant to option (2) only once and the method of election may thereafter be altered only by county-wide referendum.

(Source: Illinois Constitution.)

SECTION 4. COUNTY OFFICERS

Cannot make laws that supersede federal & state law

State Board of Education no authority to adopt

the transmission or collection of any document, record, form, claim, proposal, other data, or funds, between the State Board of Education and any entity doing business with the State Board of Education, be handled by electronic transmission or collection. The State Board shall establish standards for the electronic transmission and collection of data and funds, including data encryption standards, that must be used by all entities doing business with the State Board. These standards must comply with the Electronic Commerce Security Act.
(Source: P.A. 92-121, eff. 7-20-01.)

(105 ILCS 5/2-3.3) (from Ch. 122, par. 2-3.3)
Sec. 2-3.3. Supervision of public schools.
To supervise all the public schools in the State.
(Source: Laws 1961, p. 31.)

(105 ILCS 5/2-3.4) (from Ch. 122, par. 2-3.4)
Sec. 2-3.4. (Repealed).
(Source: Laws 1961, p. 31. Repealed by P.A. 89-159, eff. 1-1-96.)

(105 ILCS 5/2-3.5) (from Ch. 122, par. 2-3.5)
Sec. 2-3.5. Assist county superintendents.
To advise and assist county superintendents of schools, addressing to them from time to time circular letters relating to the best manner of conducting schools, constructing and furnishing schoolhouses, and examining and procuring competent teachers.
(Source: Laws 1961, p. 31.)

(105 ILCS 5/2-3.6) (from Ch. 122, par. 2-3.6)
Sec. 2-3.6. Rules and policies. To make rules, in accordance with the Illinois Administrative Procedure Act, that are necessary to carry into efficient and uniform effect all laws for establishing and maintaining free schools in the State. The State Board of Education may not adopt any rule or policy that alters the intent of the authorizing law or that supersedes federal or State law. The Board may not make policies affecting school districts that have the effect of rules without following the procedures of the Illinois Administrative Procedure Act.
(Source: P.A. 93-1036, eff. 9-14-04.)

(105 ILCS 5/2-3.7) (from Ch. 122, par. 2-3.7)
Sec. 2-3.7. Legal adviser of school officers - Opinions. To be the legal adviser of school officers, and, when requested by any school officer, to give an opinion in writing upon any question arising under the school laws of the State.
(Source: P.A. 81-1508.)

(105 ILCS 5/2-3.7a) (from Ch. 122, par. 2-3.7a)
Sec. 2-3.7a. Advisory committees and their composition. To create, form, or appoint task forces, study committees, blue ribbon panels, commissions, or any other type of organization, by whatever name designated, to study or examine educational policy issues, problems, or concerns. Any task force, study committee, blue ribbon panel, commission, or organization created or appointed by the State Board of Education or the State Superintendent of Education after this amendatory Act takes effect shall include parents or guardians of students involved in or directly affected by the issues, problems, or concerns under study. The parents or guardians appointed to comply with this Section shall not be employed by or administratively connected with any school system or institution of higher learning in Illinois, employed by any

# Constitution of the State of Illinois

## ARTICLE XIII

## GENERAL PROVISIONS

SECTION 1. DISQUALIFICATION FOR PUBLIC OFFICE

A person convicted of a felony, bribery, perjury or other infamous crime shall be ineligible to hold an office created by this Constitution. Eligibility may be restored as provided by law.
(Source: Illinois Constitution.)

SECTION 2. STATEMENT OF ECONOMIC INTERESTS

All candidates for or holders of state offices and all members of a Commission or Board created by this Constitution shall file a verified statement of their economic interests, as provided by law. The General Assembly by law may impose a similar requirement upon candidates for, or holders of, offices in units of local government and school districts. Statements shall be filed annually with the Secretary of State and shall be available for inspection by the public. The General Assembly by law shall prescribe a reasonable time for filing the statement. Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office. This Section shall not be construed as limiting the authority of any branch of government to establish and enforce ethical standards for that branch.
(Source: Illinois Constitution.)

SECTION 3. OATH OR AFFIRMATION OF OFFICE

Each prospective holder of a State office or other State position created by this Constitution, before taking office, shall take and subscribe to the following oath or affirmation:

"I do solemnly swear (affirm) that I will support the Constitution of the United States, and the Constitution of the State of Illinois, and that I will faithfully discharge the duties of the office of .... to the best of my ability."
(Source: Illinois Constitution.)

Judges. Dictionary 18 Duties, must administer Justice Fairly
here trouble started Ezra 7:21
Bible

SECTION 4. SOVEREIGN IMMUNITY ABOLISHED

Except as the General Assembly may provide by law, sovereign immunity in this State is abolished.
(Source: Illinois Constitution.)

SECTION 5. PENSION AND RETIREMENT RIGHTS

Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired.
(Source: Illinois Constitution.)

Bribery

SECTION 9. SALARIES AND FEES

(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes.

(b) An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected.
(Source: Illinois Constitution.)

SECTION 10. INTERGOVERNMENTAL COOPERATION

(a) Units of local government and school districts may contract or otherwise associate among themselves, with the State, with other states and their units of local government and school districts, and with the United States to obtain or share services and to exercise, combine, or transfer any power or function, in any manner not prohibited by law or by ordinance. Units of local government and school districts may contract and otherwise associate with individuals, associations, and corporations in any manner not prohibited by law or by ordinance. Participating units of government may use their credit, revenues, and other resources to pay costs and to service debt related to intergovernmental activities.

(b) Officers and employees of units of local government and school districts may participate in intergovernmental activities authorized by their units of government without relinquishing their offices or positions.

(c) The State shall encourage intergovernmental cooperation and use its technical and financial resources to assist intergovernmental activities.
(Source: Illinois Constitution.)

In any manner Not prohibited by Law or ordinance

Intergovernmental agreement should not violate Law

SECTION 11. INITIATIVE AND REFERENDUM

(a) Proposals for actions which are authorized by this Article or by law and which require approval by referendum may be initiated and submitted to the electors by resolution of the governing board of a unit of local government or by petition of electors in the manner provided by law.

(b) Referenda required by this Article shall be held at general elections, except as otherwise provided by law. Questions submitted to referendum shall be adopted if approved by a majority of those voting on the question unless a different requirement is specified in this Article.
(Source: Illinois Constitution.)

SECTION 12. IMPLEMENTATION OF GOVERNMENTAL CHANGES

The General Assembly shall provide by law for the transfer of assets, powers and functions, and for the payment of outstanding debt in connection with the formation, consolidation, merger, division, dissolution and change in the boundaries of units of local government.
(Source: Illinois Constitution.)

Must administer fairly Judges

(105 ILCS 5/2-3.13a) (from Ch. 122, par. 2-3.13a)

Sec. 2-3.13a. School records; transferring students.

(a) The State Board of Education shall establish and implement rules requiring all of the public schools and all private or nonpublic elementary and secondary schools located in this State, whenever any such school has a student who is transferring to any other public elementary or secondary school located in this or in any other state, to forward within 10 days of notice of the student's transfer an unofficial record of that student's grades to the school to which such student is transferring. Each public school at the same time also shall forward to the school to which the student is transferring the remainder of the student's school student records as required by the Illinois School Student Records Act. In addition, if a student is transferring from a public school, whether located in this or any other state, from which the student has been suspended or expelled for knowingly possessing in a school building or on school grounds a weapon as defined in the Gun Free Schools Act (20 U.S.C. 8921 et seq.), for knowingly possessing, selling, or delivering in a school building or on school grounds a controlled substance or cannabis, or for battering a staff member of the school, and if the period of suspension or expulsion has not expired at the time the student attempts to transfer into another public school in the same or any other school district: (i) any school student records required to be transferred shall include the date and duration of the period of suspension or expulsion; and (ii) with the exception of transfers into the Department of Juvenile Justice school district, the student shall not be permitted to attend class in the public school into which he or she is transferring until the student has served the entire period of the suspension or expulsion imposed by the school from which the student is transferring, provided that the school board may approve the placement of the student in an alternative school program established under Article 13A of this Code. A school district may adopt a policy providing that if a student is suspended or expelled for any reason from any public or private school in this or any other state, the student must complete the entire term of the suspension or expulsion before being admitted into the school district. This policy may allow placement of the student in an alternative school program established under Article 13A of this Code, if available, for the remainder of the suspension or expulsion. Each public school and each private or nonpublic elementary or secondary school in this State shall within 10 days after the student has paid all of his or her outstanding fines and fees and at its own expense forward an official transcript of the scholastic records of each student transferring from that school in strict accordance with the provisions of this Section and the rules established by the State Board of Education as herein provided.

(b) The State Board of Education shall develop a one-page standard form that Illinois school districts are required to provide to any student who is moving out of the school district and that contains the information about whether or not the student is "in good standing" and whether or not his or her medical records are up-to-date and complete. As used in this Section, "in good standing" means that the student is not

(105 ILCS 5/22-12) (from Ch. 122, par. 22-12)

Sec. 22-12. Preventing or interfering with a child's attendance at school. Whoever by threat, menace, or intimidation prevents any child entitled to attend a public or nonpublic school in this State from attending such school or interferes with any such child's attendance at that school shall be guilty of a Class A misdemeanor.
(Source: P.A. 92-96, eff. 1-1-02.)

Illinois Body State Law

They refuse to show or produce a Law

Sent "Back & Forth" between These 2.

Mr Nuhetty Superintendent of 152 Both refused to Answer
Ms Strong Principal question re: Bullying and refused to Allow child to return then. 10/14/2014 Requested (Dist 144) Instructions on Transferring — Rec'd Transfer, child not mitted. Malice + Extortion.

Illinois School Laws included

Judicial Council of the 7th Circuit Circuit

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

**1.** Name of Complainant: Peggy Trotter Richmond

Contact Address: 2156 W 158th St

Daytime telephone: (708) 596-6493

**2.** Name(s) of Judge(s): Never called me in 3 yrs, → Der Yeghiayan And TODAY, JAN 7, 2015

Court: LEINENWEBER. (How old is he, not trying to be funny either)

**3.** Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

[X] Yes [ ] No

If "yes," give the following information about each lawsuit:

Court: 1941

Case Number: 14C 8823

Docket number of any appeal to the ____ Circuit: 7

Are (were) you a party or lawyer in the lawsuit?

[X] Party [ ] Lawyer [ ] Neither

105 ILCS 5/2-3.6 Violation of all Constitution to make laws that supersede Federal or State Law

Child Held Locked out of School by Judge Leinenweber

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number: N/A

Terminated?

4. Have you filed any lawsuits against the judge?

[ ] Yes [ ✓ ] No

If "yes," give the following information about each such lawsuit:

Court: ~~14C 8823~~ 3PK DISTRICT.

Case Number: 14C 8823

Present status of lawsuit: Aggressively And Sounded Annoyed, Terminated states Nothing he has to do with Illinois School...?

Name, address, and telephone number of your lawyer for the lawsuit against the judge:

N/A,

note: my DAD HAD Alzheimer's .....

Court to which any appeal has been taken in the lawsuit against the judge:

Docket number of the appeal:

Present status of the appeal: School Refuses to provide Documentation of $11,000 but won't take child in school He has A Legal Transfer

5. **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. BIAS/Political Judge refused to write ORDER FOR Child To be Accepted IN School (Locked out since 10/1/2014). Referred to this court by business office of Praire School in Markham that Claimed I owed $11,000 Tuition fee FOR Public School within my Residence of Markham

6. **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) Peggy Shatter Richmond (Date) Jan 07, 2015

(105 ILCS 5/22-12) (from Ch. 122, par. 22-12)

Sec. 22-12. Preventing or interfering with a child's attendance at school. Whoever by threat, menace, or intimidation prevents any child entitled to attend a public or nonpublic school in this State from attending such school or interferes with any such child's attendance at that school shall be guilty of a Class A misdemeanor.
(Source: P.A. 92-96, eff. 1-1-02.)